UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
    LINDA J. LANE ) Case No. 17-32237(1)(13)
)
                         Debtor(s) )

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Motion for Order for Production of Taxes and Documents filed by Creditors Kevin and Sarah Dean ("the Deans"). The Court considered the Deans' Motion, the Objection filed by Debtor Linda Lane ("Debtor") and the comments of Sarah Dean and counsel for the Debtor at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motion.

The Deans' request that the Court require Debtor to turnover to them copies of her tax returns for the four years prior to the date of confirmation of the Debtor's Plan which provides the Deans with payment of their claim at 100% with interest at 4.25% over 60 months.

The Debtor's Chapter 13 Plan was confirmed over the Deans' Objection. At the time of the hearing on the Deans' Objection, the Deans were represented by counsel. Legal arguments were presented on behalf of the Deans, but at no point was there any mention of alleged misrepresentation by the Debtors in her Petition or Plan. Additionally, there was no request prior to confirmation for the Debtor to produce her tax returns.

The Deans cite 11 U.S.C. § 521 in support of their request. Under 11 U.S.C. § 521(f), a party-in-interest may request a Chapter 13 debtor to file with the court a copy of each Federal income tax return required with respect to each tax year of the debtor ending while the case is

pending, annually after the plan is confirmed and until the case is closed. The tax returns and statement of income and expenditure shall be made available for inspection to a party-in-interest for inspection and copying. The Deans state that the purpose for requesting the documents is for "comparison against the Debtor's income and other misrepresentations listed in the Debtor's Chapter 13 Plan and Petition." The Deans also state that they are requesting the tax return information for the purpose of "assuring that their rights in property are fully protected."

The purpose of 11 U.S.C. § 521(f) appears to be to allow certain interested parties to monitor a debtor's financial condition during the pendency of a Chapter 13 case and to seek modification of the plan under 11 U.S.C. § 1329, if there are material increases in net income that can be captured for contribution by the debtor. *In re Tomer*, 508 B.R. 641, 644 (Bankr. W.D. Va. 2014). There is nothing in this case to suggest that the requested documents would assist in the administration of this bankruptcy case. Debtors' claim is being paid at 100% with interest. There has been no request for a modification of the Plan and it appears that the Deans' request serves no purpose other than to harass the Debtor. Additionally, if the request is to gather information for the pending adversary proceeding, nothing in the cited Code sections indicates they are intended to be used as a discovery tool in another proceeding.

Any request made under 11 U.S.C. § 521 is subject to the requirement of §521(g)(2) which provides that requested tax returns, amendments and statement of income and expenditures described in (a)(2)(A) and (f) are "subject to the requirements of Section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005." 11 U.S.C. § 521(g)(2). That Section of the Act mandates that the Director of the Administrative Office of the United States Courts establish procedures for safeguarding the confidentiality of tax information required to be produced under the

2

statute. These procedures specifically provide that in order to obtain the tax returns of a debtor, the movant must file a motion that should include, among other things, "a description of the movant's status in a case, to allow the court to ascertain whether the movant may properly be given access to the requested tax information," and "a statement indicating that the information cannot be obtained from any other sources," and most importantly, "a statement showing a demonstrated need for the tax information." *See*, *In re Tomer*, 508 B.R. at 645, citing Memorandum to United States Bankruptcy Court Judges, Clerks and Administrators dated September 27, 2005 from L. Ralph Mecham, Director, Administrative Office of the United States Courts.

In this case, as in *Tomer*, the Deans have made no showing that the requested information cannot be obtained from any other source and most importantly, there has been no showing made that the Deans have a demonstrated need for this information or that the information would aid in the administration of this case. In *Tomer*, the court stated, "The safeguards set forth in the guidance issued by the Director of the Administrative Office reflect a strong intention for a court to determine when the creditor's need of information is outweighed by the debtor's right to keep that information confidential." *Id.* at 646. There simply is no basis for the Court to order the Debtor to provide the requested information. Their claim is being paid at 100% with interest, something this Court does not see with regularity. Accordingly, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Order for Production of Taxes and Documents filed by Creditors Kevin and Sarah Dean, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 2, 2018

3