UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDA J. LANE | ) | Case No. 17-32237(1)(13) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Motion to Amend Order of Confirmation to Allow Debtors's Counsel to File Fee Application filed by Debtor Linda J. Lane. The Court considered the Debtor's Motion, the Objection to that Motion filed by Kevin and Sarah Dean ("the Deans") and the comments of counsel for the Debtors and Sarah Dean at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion.

On July 14, 2017, Debtor filed her Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Included in the Petition is a form entitled Disclosure of Compensation of Attorney for Debtor in which Debtor's attorney, Neil Bordy, indicated he had agreed to accept a flat fee of $3,750 for legal services provided to the Debtor pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b).

On October 16, 2017, the Order of Confirmation was entered which provided for payment to the Deans of 100% of their unsecured claim with interest at 4.25% over 60 months.

On October 13, 2017, the Deans filed an adversary proceeding against the Debtor seeking to revoke the Debtor's discharge. The adversary proceeding was dismissed on February 21, 2018. The Deans appealed the Order dismissing the case and that matter is currently pending on appeal before the Sixth Circuit Bankruptcy Appellate Panel.

On April 13, 2018, the Deans filed another adversary proceeding against the Debtor seeking a revocation of the Order confirming the Plan based on fraud.

This Court recently enacted Administrative Rule 5.3 regarding flat fees in Chapter 13 cases. The Rule was implemented by the judges of this District requiring counsel for Debtors at the outset of the case to elect to accept either a flat fee or to seek fees by way of application and order under Federal Rule of Bankruptcy Procedure 2016, under 11 U.S.C. § 330 and in accordance with *J.F. Wagner's Sons Co.*, 135 B.R. 264 (Bankr. W.D. Ky. 1991). The Rule was promulgated to prevent debtor's counsel from "double dipping" and gaining extra compensation for normal legal services that should be covered by the flat fee. The Rule was not designed to prohibit debtor's counsel from filing fee applications for extra work performed on matters outside the realm of an ordinary Chapter 13 case. The Court is entitled to utilize its discretion to provide relief from its own administrative procedure if cause is shown.

This Chapter 13 case is anything but an ordinary Chapter 13 case. Debtor's counsel could not have anticipated a Chapter 13 case with one creditor whose claim will be paid at 100% with interest, would engender two adversary proceedings, as well as an appellate case. Administrative Rule 5.3 was not designed to cover matters such as the case at bar. To deny Debtor's Counsel's Motion to File a Fee Application in this matter would discourage all debtor's lawyers from representing debtors in any resulting litigation, causing debtors additional expense and extreme prejudice by loss of the counsel who may be the most knowledgeable about the debtor's case. Accordingly, the Court will grant the Motion.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Amend Order of Confirmation to Allow Debtor's Counsel to File Fee Application, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 2, 2018