# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDA J. LANE | ) | CASE NO. 17-32237(1)(13) |
| | ) | |
| Debtor | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Strike and the Motion for Sanctions filed by Debtor Linda J. Lane ("Debtor") against Creditors Kevin and Sara Dean ("the Deans"). The Court considered the Debtor's Motions, the Response to the Debtor's Motions filed by the Deans, *pro se*, and the comments of counsel for the Debtor and Sara Dean at the hearing held on the matters. For the following reasons, the Court will **GRANT** the Debtor's Motion to Strike and the Debtor's Motion for Sanctions.

## INTRODUCTION

This is a highly contested Chapter 13 case. The Debtor is a 75 year old woman who sold her home in Bullitt County, Kentucky, to the Deans. Mold was discovered in the basement of the home. In order to resolve the dispute pursuant to the terms of the real estate contract, the parties submitted the matter to arbitration. The arbitrator ultimately awarded the Deans $28,172.99, plus attorneys' fees of $83,571.72 and $15,150.86 in an action in the Bullitt County Circuit Court. The arbitration award was affirmed by the Bullitt County Circuit Court which entered Judgment in favor of the Deans for $126,895.57.

After the Deans filed a judgment lien on the Debtor's current residence, the Debtor filed a Chapter 13 Petition with this Court.

The Deans were listed on Schedule D of Debtor's Chapter 13 Petition as secured creditors. The Deans filed Proof of Claim No. 2 indicating their claim for $130,608.57 was based on a judgment lien secured by the Debtor's real estate. The Debtor's Chapter 13 Plan proposed to avoid the judgment lien pursuant to 11 U.S.C. § 522(f).

The Deans, who were represented by counsel at that time, objected to the Debtor's proposed Chapter 13 Plan. A hearing was held on the Deans' objection to the Debtor's Plan. At the hearing, the parties stipulated that the only unresolved issue was regarding the interest rate on the Deans' claim. The Court issued an Order stating that pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), the appropriate rate of interest was 4.25%. The Debtor's Amended Chapter 13 Plan was ultimately confirmed by this Court over the Objection of the Deans and their claim is being paid at 100% with interest over the life of the Plan.

Although the Debtor's Plan was confirmed by the Court on October 16, 2017, on November 2, 2017 the Deans filed a Motion to Dismiss the Debtor's Case. The Debtor objected to the Motion to Dismiss on December 12, 2017.

On February 5, 2018, this Court entered a Memorandum-Opinion denying the Deans' Motion to Dismiss.

On February 20, 2018, the Deans filed a Notice of Appeal to the Bankruptcy Appellate Panel of the Sixth Circuit regarding this Court's Memorandum-Opinion of February 5, 2018.

On March 6, 2018, at Docket Entry No. 44, the Deans filed a copy of a letter dated March 2, 2018 to the Deans from counsel for the Debtor. There was no pleading attached to the letter nor any explanation as to why the letter was filed in this case.

Also on March 6, 2018, the Deans filed their Appellate Designation of Contents for Inclusion in Record on Appeal and Statement of Issues. The last item in the Designation is Docket Entry No. 44 "Letter from Debtor and her Counsel dated March 2, 2018 submitted as evidence."

On April 13, 2018, the Debtor filed her Motion for Sanctions against the Deans.

On May 3, 2018, the Debtor filed her Motion to Strike.

On May 15, 2018, the Deans filed their Response to the Debtor's Motion for Sanctions and Motion to Strike.

Following a hearing on the matters, the Court took the matters under advisement.

## **LEGAL ANALYSIS**

Debtor seeks an Order striking the March 2, 2018 letter sent by Debtor's counsel to the Deans from the record in this case and an award of sanctions due to the Deans' violation of Fed. R. Evidence 408.

Rule 408 of the Federal Rules of Evidence states as follows:

(a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by or prior inconsistent statement or a contradiction:

(1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration and compromising or attempting to compromise the claim; and

(2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness' bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

The Rule bars parties from admitting evidence of offers to settle – that is, evidence of "furnishing or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim." It also prohibits parties from admitting evidence of "conduct or statements made in compromise negotiations regarding the claim." Fed. R. Evid. 408(a)(1)(2).

The Rule serves three purposes. First, it promotes settlements. Second, it seeks to exclude irrelevant evidence. *Korn, Womack, Stern & Assocs. v. Fireman's Fund Ins. Co.*, 27 F.3d 566, 1994 WL 264263 (6th Cir. June 15, 1994). Third, it attempts to exclude unreliable evidence, as settlement negotiations, as such negotiations are typically "punctuated with instances of puffing or posturing . . ." *Eid v. Saint-Goban Abrasives,* Inc., 377 F. App'x 438, 443-44 (6th Cir. 2010), quoting *Cook v. Yellow Freight Systems, Inc.*, 132 F.R.D. 548, 554 (E.D. Cal. 1990).

The letter at issue states that it is "written pursuant to Rule 408 of the Federal Rules of Evidence," and "[a]s such, it is not admissible on behalf of any party, either to prove or disprove the validity or amount of the disputed claim, or to impeach by a prior inconsistent statement of contradiction." It makes reference to the fact the offer has no effect on any personal injury claim that may be asserted against the Debtor in the future. The Deans have not presented evidence of or otherwise persuaded the Court of any permissible use of this letter. The Court concludes that filing the letter was to foster <u>all</u> of the prohibited uses listed in Rule 408. The letter was not filed in connection with any pleading. The Deans simply filed the letter and then added it to their Appellate Designation that they filed the same day in connection with their appeal to the Bankruptcy Appellate Panel. The letter has no bearing on this Chapter 13 proceeding and has no permissible use in this case. For this reason, it must be stricken from the record.

The Deans state that their use of the letter as "evidence is permissible under Federal Rules of Evidence 408 for other reasons such as proving the Debtor's knowledge in that she was aware that the Deans were fully able to proceed with their personal injury claims." Any personal injury claim the Deans may have, however, is not part of this Chapter 13 proceeding. That claim was never adjudicated nor liquidated.

Unfortunately for all of the parties to this case, the Deans have been representing themselves since confirmation of the Plan. The Deans have made a number of frivolous filings in this case and they clearly do not understand the intricacies of bankruptcy law and have acknowledged as much to the Court. This Court frequently cautions even experienced lawyers who have little or no knowledge of the bankruptcy law and rules, when they try to represent clients in the bankruptcy arena. Bankruptcy practice is often a trap for the unwary and a difficult statutory scheme to understand.

This case deals with the Deans' secured claim that will be paid through a confirmed Plan with a payout of that claim of 100%, with interest. The Deans repeatedly contend they have a personal injury claim against the Debtor. However, that claim has not been proven in a court of competent jurisdiction, compromised or reduced to judgment. The Deans' claims in that regard are irrelevant to this Chapter 13 case and inadmissible herein.

The Court rarely sees cases such as the one at bar where creditors who will receive 100% of their claim, with interest no less, litigate every aspect of the case with such vitriol, especially after the Deans began representing themselves. The Court notes that currently pending before the Court is a Motion by the Chapter 13 Trustee seeking guidance from the Court because the Deans have refused to cash any of the disbursement checks sent to them by the Chapter 13 Trustee as payment

-5-

on their claim from the Debtor. The Court understands that the Deans are frustrated that the Debtor is paying their claim over the life of the Plan. However, this Debtor is simply availing herself of the protections provided to her by the United States Bankruptcy Code and laws created by the United States Congress.

The Deans' actions with respect to their filing of the March 2, 2018 letter are impermissible, serve no evidentiary value and amount to frivolous litigation tactics. These actions constitute the latest in a series of harassing, baseless and inflammatory litigation tactics by the Deans. The fact that the Deans are preceding *pro se* does not excuse them from compliance with the evidentiary rules applicable to this Court. A *pro se* litigant who signs a pleading or other paper or affidavit is held to the same standards as any attorney. *Business Guides, Inc. v. Chromatic Communications, Enterprises, Inc.*, 498 U.S. 533 (1991). A *pro se* litigant has the same duties under the bankruptcy version of Rule 11, Fed. R. Bankr. P. 9011. *In re Burse*, 120 B.R. 833 (Bankr. E.D. Va. 1990). The *pro se* litigant is under the same duty to ascertain what legal means are available to him before he acts. He may not learn the law literally by trial and error at the expense of other parties. *Id.* at 837.

The Debtor's attorney complied with the safe harbor provisions of Rule 11 of the Federal Rules of Civil Procedure applicable to adversary proceedings in Bankruptcy Rule 9011. The Debtor's attorney provided the Deans with 21 days' notice of the Motion for Sanctions as provided for in Rule 9011(c), and the Deans failed to withdraw the letter from the record. The Rule provides that where warranted, "the court may award to the party prevailing on the motion the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion." Rule 9011(c)(1). The Rule further states that "a sanction imposed for violation of this Rule shall be limited to what is sufficient to deter the repetition of such conduct...".

The Court will assess sanctions against the Deans in the amount of $5,000.00 as a penalty to be paid into Court to deter the Deans from any further improper tactics that harass and needlessly increase the costs of this case. While the Court is aware the Deans are individuals who claim to have been injured by the Debtor and ruined financially, the Court's record reflects they have refused payments from the Chapter 13 Trustee for in excess of the sums awarded. In short, this penalty is affordable but high enough to deter future impermissible conduct. The Debtor is also entitled to recover her attorneys' fees and costs incurred in connection with this case.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order **GRANTING** the Debtor's Motion to Strike and the Debtor's Motion for Sanctions. An Order accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 3, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LINDA J. LANE ) | CASE NO. 17-32237(1)(13) |
| ) | |
| Debtor ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Strike filed by Debtor Linda J. Lane against the Creditors Kevin and Sara Dean, be and hereby is, **GRANTED**. Docket Entry No. 44 is stricken from this case and removed from this proceeding as if it had never been filed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Debtor Linda J. Lane's Motion for Sanctions, be and hereby is, **GRANTED**. The Deans are to pay $5,000.00 as a penalty into Court within thirty (30) days of the date of this Order. Debtor is also entitled to recover her reasonable attorneys' fees and costs incurred in connection with the filing of both of these Motions. Debtor's counsel is instructed to file, within fourteen (14) days of the date of this Order, time records supporting all time entries and costs incurred in prosecuting both the Motion to Strike and the Motion for Sanctions.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 3, 2018