UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                          )
                                )
   LINDA J. LANE                )   CASE NO. 17-32237(1)(13)
                                )
              Debtor            )

### MEMORANDUM-OPINION

This matter is before the Court on the Motion for Sanctions filed by Debtor Linda J. Lane ("Debtor") against Creditors Kevin and Sarah Dean ("the Deans"). The Court considered the Motion of the Debtor, the Response to the Motion filed by the Deans and the comments of counsel for the Debtor and Sarah Dean, *pro se*, at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Debtor's Motion.

### INTRODUCTION

This is a highly contested Chapter 13 case. The Debtor is a 75 year old woman who sold her home in Bullitt County, Kentucky, to the Deans. Mold was discovered in the basement of the home. In order to resolve the dispute pursuant to the terms of the real estate contract, the parties submitted the matter to arbitration. The arbitrator ultimately awarded the Deans $28,172.99, plus attorneys' fees of $83,571.72 and $15,150.86 in an action in the Bullitt County Circuit Court. The arbitration award was affirmed by the Bullitt County Circuit Court which entered Judgment in favor of the Deans for $126,895.57.

After the Deans filed a judgment lien on the Debtor's current residence, the Debtor filed a Chapter 13 Petition with this Court.

The Deans were listed on Schedule D of Debtor's Chapter 13 Petition as secured creditors. The Deans filed Proof of Claim No. 2 indicating their claim for $130,608.57 was based on a judgment lien secured by the Debtor's real estate. The Debtor's Chapter 13 Plan proposed to avoid the judgment lien pursuant to 11 U.S.C. § 522(f).

The Deans, at that time, who were represented by counsel from the law firm Frost, Brown, Todd, LLC, objected to the Debtor's proposed Chapter 13 Plan. A hearing was held on the Deans' objection to the Debtor's Plan. At the hearing, the parties stipulated that the only unresolved issue was the interest rate on the Deans' claim. Following the hearing, the Court issued an Order stating that pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), the appropriate rate of interest was 4.25%. The Debtor's Amended Chapter 13 Plan was ultimately confirmed by this Court over the Objection of the Deans and their claim is being paid at 100% with interest over the life of the Plan.

On October 13, 2017, the Deans filed Adversary Proceeding No. 03062 against the Debtor claiming damages in the amount of $300,000 for respiratory problems suffered as a result of the mold contamination and requested an order that these damages be declared nondischargeable.

Although the Debtor's Plan was confirmed by the Court on October 16, 2017, on November 2, 2017 the Deans filed a Motion to Dismiss the Debtor's Case. The Debtor objected to the Motion to Dismiss on December 12, 2017.

On February 5, 2018, this Court entered a Memorandum-Opinion denying the Deans' Motion to Dismiss.

On February 20, 2018, the Deans filed a Notice of Appeal to the Bankruptcy Appellate Panel of the Sixth Circuit regarding this Court's Memorandum-Opinion of February 5, 2018.

On February 21, 2018, the Court entered an Order granting the Debtor's Motion to Dismiss Adversary Proceeding No. 17-03062, because the personal injury claim had not been adjudicated and the claim was contingent and unliquidated. The dismissal was without prejudice.

On April 13, 2018, the Deans filed a second adversary proceeding, A. P. No. 18-0302, against the Debtor seeking revocation of the Confirmation Order based on fraud pursuant to 11 U.S.C. § 1330(a).

Also on April 13, 2018, in this case, the Debtor filed a Motion to Strike and Motion for Sanctions against the Deans. This Motion was based on the Deans filing of a letter containing a settlement offer from the Debtor to the Deans in violation of Federal Rules of Evidence 408 and Rule 11(c) of the Federal Rules of Civil Procedure. *See*, Dkt. No. 44.

On May 17, 2018, the Debtor filed the Motion for Sanctions (the "Second Motion for Sanctions") currently before the Court.

On June 20, 2018, the Deans filed their Response to the Debtor's Motion for Contempt or Sanctions.

On August 3, 2018, in this case, the Court entered a Memorandum-Opinion and Order granting the Debtor's Motion to Strike and Motion for Sanctions filed by the Debtor. The Court ordered that the settlement letter filed by the Deans be stricken from the record and sanctioned the Deans $5,000 and awarded Debtor her reasonable attorneys' fees and costs incurred with the filing of the Motion to Strike and the Motion for Sanctions.

On August 22, 2018, the Court entered a Memorandum-Opinion and Order granting the Debtor's Motion to Dismiss the second adversary proceeding, A. P. No. 18-03022, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. The

dismissal was with prejudice since the issues raised in the Complaint repeated the Deans' previous objections to the Debtor's Chapter 13 Plan and failed to state a claim entitling them to relief.

The Court held a hearing on the Debtor's Second Motion for Sanctions at which the Deans appeared *pro se* and Debtor by counsel. Following arguments by the Debtor's counsel and Sarah Dean, *pro se*, the Court took the matter under submission.

## **LEGAL ANALYSIS**

Despite the fact that the Debtor's Plan pays the Deans 100% of their claim with interest at the rate of 4.125%, the Deans continue to attack the Order of Confirmation with post-confirmation objections to the Plan and Confirmation Order in two adversary proceedings and an appeal to the Bankruptcy Appellate Panel. None of the Deans' attacks have been successful, as they lack legal merit. They have, however, needlessly increased the legal expenses of the Debtor, as well as consuming an inordinate amount of judicial resources on claims that have no merit.

The Second Motion for Sanctions was filed by the Debtor based on the Deans' filing of the second adversary proceeding seeking revocation of the Debtor's Chapter 13 Confirmation Order under 11 U.S.C. § 1330(a) based on fraud. The Court dismissed that action with prejudice pursuant to the Memorandum-Opinion entered on August 22, 2018. The Debtor seeks sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rule 11 of the Federal Rules of Civil Procedure.

The Debtor contends that the Deans' actions in filing the second adversary proceeding constitute abuse of process since the same issues raised in Adversary Proceeding No. 18-3022 are already the subject of an appeal by the Deans currently pending before the Bankruptcy Appellate

Panel for the Sixth Circuit Court of Appeals, or contain allegations and issues that were or could have been raised pre-confirmation and were waived.

In Kentucky, abuse of process has two necessary elements: (1) an ulterior purpose and (2) a willful act and use of the process not proper in the regular conduct of the proceeding. *Garcia v. Whittaker*, 400 S.W.3d 270 (Ky. 2013).  It consists of the employment of legal process for some other purpose than that which it was intended by the law to effect. *Cherry v. Howie*, 2017 WL 1146960 (W.D. Ky. 2017).  The Deans' actions in filing the second adversary proceeding against Debtor attacking the Order of Confirmation was without legal merit and constitutes an abuse of the bankruptcy process.  The Court has the inherent power to take any action or impose sanctions on parties and counsel who willfully abuse the judicial process.  Section 105 of Title 11 of the Bankruptcy Code states that a bankruptcy court may take any action or make any determination necessary or appropriate to prevent an abuse of process.  11 U.S.C. § 105(a).

The Court has issued several Memorandum-Opinions regarding the Deans' actions against the Debtor in this case.  This is the second Memorandum-Opinion on the Debtor's request for sanctions.  Here, the adversary proceeding filed against the Debtor amounts to another collateral attack on the Order confirming the Debtor's Chapter 13 Plan.  Not only did the Deans object to the proposed Chapter 13 Plan when they were represented by counsel, an objection that was partially resolved by the Debtor and the Deans' counsel, heard by the Court and ultimately overruled by the Court resulting in confirmation of the Plan, the Deans then filed a Motion to Dismiss the Chapter 13 case after entry of the Confirmation Order and instituted an appeal before the Bankruptcy Appellate Panel when that Motion to Dismiss was denied.

Despite all of these attempts to litigate the same issues, the Deans instituted a second legal proceeding attacking the Confirmation Order by asserting that the Confirmation Order was procured by fraud under 11 U.S.C. § 1330. That action was dismissed based upon the insufficiency of the Complaint to state a claim upon which relief should be granted. *See*, Memorandum-Opinion dated August 22, 2018 in A. P. No. 18-03022.

The Debtor relies on *In re Smith*, 2012 Bankr. LEXIS 4792, at *22-23 (Bankr. S.D. Ga. Sept. 17, 2012), in support of her claim that repeated frivolous and meritless filings, constitute bad faith and justify sanctions under 11 U.S.C. § 105. In *Smith*, as here, bad faith was demonstrated by the debtors' repeated filings which asserted the same arguments and claims previously adjudicated by the court. Similarly, in *In re Sabala*, 334 B.R. 638 (B.A.P. 8th Cir. 2005), the Bankruptcy Appellate Panel for the Eighth Circuit upheld sanctions awarded in the form of attorneys' fees and costs against a *pro se* litigant who had filed an adversary proceeding seeking a judgment declaring a debt owed to him by the debtor nondischargeable. The debtor had scheduled the debt on her Chapter 7 Petition as unliquidated, unsecured and a nonpriority claim in the amount of $10.00. The debtor moved to dismiss the adversary proceeding and the court granted the debtor's motion. The court then entered the order of discharge and closed the case.

The *pro se* litigant in *Sabala* then filed a second adversary proceeding seeking an order to determine the dischargeability of the same debt. The debtor moved to dismiss the case and the court, after holding a hearing on the matter, dismissed the complaint and gave the debtor twenty days to file a motion for sanctions. The Bankruptcy Appellate Panel noted that the *pro se* litigant was given ample notice of the possibility of sanctions, that he filed a response to the motion for sanctions and

was allowed to present evidence and argument at the hearing on the motion. The court found the award of sanctions well within the discretion of the court and supported by the evidence.

Here, Debtor's counsel complied with the requirements on the imposition of sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. The Court finds the filing of the second adversary proceeding on issues that have already been fully litigated, appealed or otherwise waived, amounts to frivolous and/or vexatious litigation tactics that had only an improper purpose and amount to an abuse of the bankruptcy process.

The Debtor requests that any award of sanctions be paid by the Chapter 13 Trustee from funds due the Deans from the Chapter 13 Plan. The Court declines this request due to the form in which it is made. Debtor's counsel may pursue funds held by the Chapter 13 Trustee on behalf of the Deans upon proper request under Bankruptcy Rule 7000, *et seq.*

All of the aforementioned actions by the Deans amount to abuse of the bankruptcy process that warrant sanctions by this Court. The Court previously sanctioned the Deans in an amount it believed would deter this type of conduct. The Court believes that dismissal of the Complaint in A.P. 18-03022 is an appropriate sanction upon the Deans for filing the Complaint which contain only allegations that had been previously litigated or should have been raised pre-confirmation. However, every filing by the Deans requires the Debtor to respond through counsel which has extreme financial consequences upon this Debtor. Therefore, the Court will award the Debtor her attorneys' fees and costs incurred with the prosecution and filing of the Motion for Sanctions herein.

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Debtor's Motion for Sanctions. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  September 4, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
    LINDA J. LANE ) CASE NO. 17-32237(1)(13)
)
                    Debtor )

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Sanctions, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that counsel for the Debtor is entitled to recover her reasonable attorneys' fees and costs incurred in connection with the filing and prosecution of the Motion for Sanctions. Debtor's counsel is instructed to file, within fourteen (14) days of the date of this Order, time records supporting all time entries and costs incurred in prosecuting and filing the Motion for Sanctions.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that counsel for the Debtor may pursue a direct claim for reimbursement against the Deans for such fees through appropriate means.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 4, 2018