**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDA J. LANE | ) | CASE NO. 17-32237(1)(13) |
| | ) | |
| Debtor | ) | |

## MEMORANDUM-OPINION-ORDER

This matter came before the Court on the Application for Allowance of Interim Compensation and Reimbursement of Expenses filed by Neil C. Bordy, on behalf of Seiller Waterman LLC, counsel for the Debtor, Linda J. Lane ("Debtor"). The Court considered the Fee Application, as well as the Objection to that Application filed by Kevin and Sarah Dean, *pro se*, ("the Deans"), and the statements of counsel for the Debtor and Sarah Dean, *pro se*, at the hearing held on August 29, 2018 on this matter.

On May 2, 2018, this Court entered an Order granting the Debtor's Motion to Amend the Order of Confirmation to Allow the Debtor's Counsel to File a Fee Application rather than accept a flat fee in accordance with this District's Administrative Rule 5.3. In that Order, the Court explained the reason for the ruling was due to the extraordinary amount of work required of Debtor's counsel in this proceeding, which has included defending two adversary proceedings and vexatious litigation tactics on the part of the Deans, resulting in two Orders awarding sanctions to Debtor and her counsel. The Deans did not appeal this Order.

The bulk of the arguments raised in the Deans' Objection have no legal merit. The only arguments that the Court finds need for explanation are two entries in the statement attached to the Debtor's Application. The Deans challenged the entry made on October 2, 2017 on page 13 which

was an entry stating "Receipt and review Deans Motion to Dismiss Chapter 13" with the work performed by attorney Bordy at a rate of $340 an hour for 0.40 for a total of $136.00. The Deans challenged this entry because the Deans' Motion to Dismiss was not filed in the Chapter 13 case until November 2, 2017. The Court rejects the Deans' arguments that attorney Bordy intentionally placed this entry for fraudulent purposes.[1] The Deans have repeatedly in Court and in their filings made these scurrilous claims against Debtor's counsel without any evidentiary basis. The Court determines that this is merely a typographical error and that the entry should have been listed as 11/02/17, rather than 10/02/17, which is the date the Deans filed their Motion to Dismiss. The Court will allow the $136.00 charged for this entry.

The Deans other objection regarding time records concerns two entries on 6/5/2018 and 6/6/2018 for work performed by an attorney with the initials WPH who billed at $300 per hour for a total of 4 hours of research, drafting and revising an appellate brief for a total of $1,200 charged. The Application lists no attorney or paralegal with the initials "WPH". The Court will allow Debtor's counsel ten (10) days from the date of this Order to submit an amendment to the Application to explain this entry. The Court will then consider the amendment and issue a ruling on these charges by separate order.

In all other respects, the Court determines that the Debtor's counsel's Fee Application complies with 11 U.S.C. § 330 and § 331, as well as with the standards set forth in *In re J. F. Wagner's Sons Co.*, 135 B.R. 264 (Bankr. W.D. Ky. 1991). The Court being sufficiently advised,

---

[1] Debtor's counsel has practiced before this Court for over 30 years and his integrity has never been questioned.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. Neil C. Bordy and the law firm of Seiller Waterman LLC rendered actual, necessary services to the Debtor from June 29, 2017 through July 5, 2018, for which reasonable compensation is $33,180.60, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title, and are hereby awarded the same.

2. Neil C. Bordy and the law firm of Seiller Waterman LLC incurred actual, necessary expenses from June 29, 2017 through July 5, 2018 in the amount of $29.10 in the course of their employment as counsel to the Debtor, and are hereby awarded the same.

3. Neil C. Bordy and the law firm of Seiller Waterman LLC should be, and hereby are, allowed $29,430.60, over and above the initial flat fee of $3,750.00 in professional fees, as interim compensation.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the aforementioned award represents an administrative expense of the estate.