UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
    LINDA J. LANE ) Case No. 17-32237(1)(13)
)
                    Debtor )

**ORDER**

This matter is before the Court on the Amended Application for Allowance of Interim Compensation and Reimbursement of Expenses filed by Neil C. Bordy, on behalf of Seiller Waterman, LLC as counsel for the Debtor Linda J. Lane ("Debtor"). The Court considered the Amended Application, the Objection to the Amended Application for Allowance of Interim Compensation and Reimbursement of Expenses filed by Creditors Kevin and Sarah Dean, *pro se* ("the Deans"), and the comments of counsel for the Debtor and the Deans at the hearing held on the matter. For the following reasons, the Court will **OVERRULE** the Objection and **GRANT** the Debtor's Amended Application.

This is the Second Fee Application submitted by Debtor's counsel in this case. The initial Application for Interim Compensation and Reimbursement of Expenses was allowed in the amount of $29,430.60 over and above the initial flat fee of $3,750. *See*, this Court's Order of August 29, 2018. This second fee application seeks a total amount of $32,398.50 in professional fees for the period August 2, 2018 through February 26, 2019. The Court must take into consideration the amount of work that Debtor's counsel has had to perform responding to several post-confirmation Motions filed by the Deans, who have proceeded throughout this action *pro se*. In addition to post-

confirmation Motions the Deans have filed two Adversary Proceedings in this case and four appeals with the Bankruptcy Appellate Panel for the Sixth Circuit. One of those appeals has been decided in favor of the Debtor and the other three are pending. Considering that the Chapter 13 Plan proposed by the Debtor is paying out at 100% with interest, the extent of post-confirmation litigation has been extraordinary.

The Court reviewed the Deans' Objection to the Debtor's Amended Application, which was 11 pages long. The Objection contains unsupported allegations, legally incorrect statements and is completely baseless. It represents the latest iteration in a growing number of objections, motions and pleadings that are simply unfounded and vexatious.

The Court determines that Debtor's counsel's Amended Fee Application complies with 11 U.S.C. § 330 and § 331, as well as with the standard set forth in *In re J.F. Wagner's Son Co.*, 135 B.R. 264 (Bankr. W.D. Ky. 1991). The Court being sufficiently advised,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. Neil C. Bordy and the law firm of Seiller Waterman, LLC rendered actual, necessary services to the Debtor from August 3, 2018 through February 26, 2019, for which reasonable compensation is $32,398.50, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this Title, and are hereby awarded the same.

2. Neil C. Bordy and the law firm of Seiller Waterman, LLC should be, and hereby are, allowed $32,398.50 in professional fees as interim compensation.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the aforementioned award represents an administrative expense of the estate.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 29, 2019